"UNDER SEAL"

FILED
CHARLOTTE, NC

APR 18 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:23cr93-KDB |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| DOUGLAS GUMBS | ) | Violations: |
| | ) | 18 U.S.C. §1705 |
| | ) | 18 U.S.C. §1708 |
| | ) | 18 U.S.C. § 1344(2) |
| | ) | 18 U.S.C. § 2 |
| | ) | |
| | ) | **UNDER SEAL** |
| | ) | |

THE GRAND JURY CHARGES:

At the specified time and at all relevant times:

### Introduction

1. Beginning in or about 2022 and continuing through at least the date of this Bill of Indictment, the defendant, DOUGLAS GUMBS, and others known and unknown to the Grand Jury, engaged in a mail theft and bank fraud scheme in and around Mecklenburg County, North Carolina, and elsewhere, designed to obtain money through false and fraudulent pretenses. GUMBS and others stole large quantities of U.S. mail from personal and business mailboxes, including business and individual checks, credit cards, tax forms, bank and other financial statements, packages, and other personal identifying information. GUMBS caused, and attempted to cause, monetary losses by depositing stolen business and individual checks into a bank account, thereby triggering credits to the account, and then withdrawing as much of the funds as possible before the victim financial institution learned the deposited checks were stolen.

### Victim Financial Institution

2. JP Morgan Chase Bank, N.A. ("JP Morgan") was a bank headquartered in New York City, New York, that provided banking services to customers at branches located throughout the United States and worldwide. JP Morgan's deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

### The Mail Theft and Bank Fraud Schemes

3. Beginning in at least 2022 and continuing through the date of the Bill of Indictment, it was part of the scheme and artifice to defraud that:

1

4.      GUMBS, Soheil Rezaie, charged elsewhere, and others targeted residential neighborhood and business delivery collection box units ("mailboxes") in and around Charlotte, North Carolina, and elsewhere, to steal mail, including business and individual checks, credit cards, tax forms, bank and other financial statements, packages, and other personal identifying information belonging to the mail theft victims. In 2022, GUMBS was found with more than 850 individual pieces of mail.

5.      In some instances, GUMBS altered, and caused to be altered, the amounts of the stolen checks and also altered, and caused to be altered, the names of the payees on the stolen checks to his own name. In other instances, GUMBS obtained stolen blank checks and wrote the checks to himself.

6.      GUMBS created false identification documents, including drivers' licenses, that contained his picture with the names and drivers' license numbers of victims. GUMBS also used victims' personal identification information, including name, date of birth, and social security number, to open accounts for use in the scheme, including using the means of identification of victim A.J. to open and access an account with a mobile payment service.

7.      GUMBS opened and accessed, and caused to be opened and accessed, account ending x6918 ("account x6918") in his name at JP Morgan and then deposited, and caused to be deposited, stolen checks into account x6918, thereby increasing the value of account x6918 by the amounts of the stolen checks.

8.      After the funds were credited to account x6918, GUMBS withdrew, and caused to be withdrawn, as much of the money as possible through automated teller machine transactions, teller withdrawals, and transfers to other accounts he controlled before the victims and JP Morgan realized the checks were stolen.

## COUNT ONE
(Receipt and Possession of Stolen Mail – 18 U.S.C. §§ 1708 and 2)

9.      The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Indictment, and further alleges that:

10.     On or about February 10, 2022, in the Western District of North Carolina, the defendant, DOUGLAS GUMBS, did unlawfully have in his possession a letter addressed to A.J. at Durrango Court, Charlotte, North Carolina which had been stolen, taken, embezzled, and abstracted from a letter box which was an authorized depository for mail matter, knowing the said letter to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

All in violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT TWO
(Receipt and Possession of Stolen Mail – 18 U.S.C. §§ 1708 and 2)

11. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Indictment, and further alleges that:

12. On or about February 14, 2022, in the Western District of North Carolina, the defendant, DOUGLAS GUMBS, did unlawfully have in his possession a letter addressed to B.K. at Hadley Green Court, Charlotte, North Carolina, which had been stolen, taken, embezzled, and abstracted from a letter box which was an authorized depository for mail matter, knowing the said letter to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

All in violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT THREE
(Theft of Mail Left for Collection – 18 U.S.C. §§ 1708 and 2)

13. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Indictment, and further alleges that:

14. On or about February 18, 2022, in the Western District of North Carolina, the defendant, DOUGLAS GUMBS, did steal, take, and abstract mail addressed to another person which had been left for collection upon a Postal Collection box which was an authorized depository for mail matter located at Redcliff Drive, Huntersville, North Carolina.

All in violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT FOUR
(Destruction of Letter Boxes – 18 U.S.C. §§ 1705 and 2)

15. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Indictment, and further alleges that:

16. On or about June 14, 2022, in the Western District of North Carolina, the defendant, DOUGLAS GUMBS, willfully and maliciously did injure, tear down, and break open a letter box or other authorized receptable located at 2021 Ayrsely Town Boulevard, Charlotte, North Carolina, which was intended and used for the receipt and delivery of mail matter on a mail route of the United States Postal Service.

All in violation of Title 18, United States Code, Sections 1705 and 2.

## COUNT FIVE
(Bank Fraud – 18 U.S.C. § 1344(2))

17. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 8 of the Bill of Indictment, and further alleges that:

18. Between on or about July 2022 and continuing through at least the date of this Bill of Indictment, within the Western District of North Carolina, and elsewhere, the defendant, DOUGLAS GUMBS did knowingly and unlawfully execute and attempt to execute and cause to be executed a scheme and artifice to obtain monies, funds, credits, assets, and other property owned by and under the custody and control of JP Morgan Chase Bank, N.A., whose deposits were insured by the FDIC, by means of materially false and fraudulent pretenses and representations, to wit by falsely inflating the value of the bank accounts with stolen checks, and by withdrawing money from the bank accounts.

All in violation of Title 18, United States Code, Sections 1344(2).

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a.    All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment; and

    b.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant(s) to the extent of the value of the property described in (a).

A TRUE BILL:

_____
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

*Caryn Finley*
_____
CARYN FINLEY
ASSISTANT UNITED STATES ATTORNEY